UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

    Plaintiff,

v.

HAROLD CLARKE, *et al.*

    Defendants.

Case No. 07-5303 RBLKLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is Plaintiff's motion for appointment of counsel. (Dkt. # 16). Having reviewed the motion, the Court finds for the reasons stated below that Plaintiff's motion should be denied.

**I. DISCUSSION**

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id*.

ORDER - 1

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them.  Plaintiff is articulate and brings his claims in a very clear and organized manner.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant.

The Court is aware that Plaintiff alleges denial of medical care and that Plaintiff believes it may be necessary to present expert medical testimony.  However, the cases relied on by Plaintiff present more extraordinary circumstances than those found here.  For example, in *Moore v. Mabus*, 976 F.2d 268 (5th Cir. 1992), the court noted that the issue of HIV-AIDS management in a prison environment was beyond the ability of a prisoner to investigate adequately; in *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992), the need to call expert testimony was necessary in the first instance for plaintiff to establish a prima facie case in the use of restraints; and, in *Tucker v. Randall*, 948 F.2d 388 (7th Cir. 1991), the court relied on a variety of reasons as the bases for the appointment of counsel, including plaintiff's inartful pleadings and conflicting medical testimony.

"Counsel should only be appointed in exceptional circumstances, based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity."   *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  The difficulties claimed by Plaintiff are difficulties which any litigant would have in proceeding pro se, they do not indicate exceptional factors.

In addition, while Plaintiff states that there is a likelihood of success on the merits, he has not provided any further information to support his contention other than to reiterate the claims made in his complaint. *See, e.g.*, *Wilborn*, 789 F.2d at 1331.

Accordingly, the Court finds that counsel is not necessary in this case and Plaintiff's motion to appoint counsel (Dkt. # 16) is **DENIED**.

ORDER - 2

The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 18th day of September, 2007.

*Karen L. Strombom*

Karen L. Strombom
United States Magistrate Judge

ORDER - 3