UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ANTHONY ABELS, | |
| Plaintiff, | Case No. C07-5303 RBL/KLS |
| v. | ORDER TO SHOW CAUSE |
| HAROLD CLARKE., *et al.,* | |
| Defendants. | |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. On July 3, 2007, Plaintiff's Complaint against Defendants Clarke, Skipworth, and Hill was filed. (Dkt. # 5). Plaintiff claims that Defendants failed to provide him with medical care when Plaintiff was beaten by a mentally ill prisoner. (*Id.*). The Court ordered service of the complaint on Defendants. (Dkt. # 6). On July 19, 2007, Plaintiff filed a First Amended Complaint. (Dkt. # 7). In the First Amended Complaint, Plaintiff added three defendants and claims that the Indeterminate Sentence Review Board (ISRB) wrongfully placed him in a work release program for sex offenders and for the physically and mentally disabled. (*Id.*). Plaintiff also claims that Defendants failed to provide him with medical care. (*Id.*) Plaintiff has, however, failed to allege conduct sufficient to state a claim pursuant to § 1983. The Court finds that Plaintiff must show cause why his First Amended Complaint should not be dismissed for failure to state a claim.

ORDER
Page - 1

## I. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff alleges that the ISRB sent him to Lincoln Park Work Release for inmates who are from Pierce County, are sex offenders and are physically and mentally disabled, although he is not a sex offender, physically or mentally disabled, or from Pierce County. (Dkt. # 7, p. 3). Plaintiff also alleges that he was returned to prison on two occasions, was given additional time on his sentence, and was then returned to the same work release despite ISRB's knowledge that Plaintiff was being placed in harm's way. (*Id.*). Plaintiff further alleges that while he was housed at the work release, he was attacked by a mentally ill inmate and that "the workrelease nor the ISRB never took [him] to a hospital or medical center to care for [his] injuries. [He] was never given any medication, nor did [he] receive any medical attention, not even an ice pack for my head, eye, knee or back." (*Id.*)

Based on the facts alleged, the Court is unable to determine whether Plaintiff is attempting to collaterally attack his sentence by the ISRB, or is bringing a Section 1983 action relating to his conditions of confinement at the Lincoln Park Center. In order to properly state a claim under 42 U.S.C. § 1983, Plaintiff's amended complaint must include factual allegations describing how each named Defendant caused or personally participated in causing him the harm that he claims he suffered. Although Plaintiff

names Julia Garratt, Dennis Thaut, Jeralita Costa, Norman Hill, Christen Skipworth, and Harold Clark, he does not state how these Defendants acted to violate any constitutional right. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right.

Plaintiff is also advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended). Therefore, Plaintiff's First Amended Complaint must include all parties, factual allegations, causes of action, relief sought, and exhibits. The Court will not accept supplements to or references to earlier filings, such as Plaintiff's original complaint, as part of the First Amended Complaint.

Accordingly, it is **ORDERED:**

1. Plaintiff shall show cause why this Amended Complaint should not be dismissed. A response is due by **October 26, 2007.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and recommendation that the First Amended Complaint be dismissed;

2. The Clerk is directed to send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this 20th day of September, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3