UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

    Plaintiff,

v.

HAROLD CLARKE, *et al.*,

    Defendants.

Case No.  C07-5303 RBL/KLS

ORDER DENYING MOTIONS FOR DEFAULT AND TO COMPEL

Before the Court are Plaintiff's motions for default judgment and to compel against Defendants for failure to respond to discovery. (Dkt. # 34 and 38[1]).  Having reviewed the motions, Defendants' opposition (Dkt. # 37 and 40), and the balance of the record, the Court finds that the motions should be denied.

Plaintiff's Amended Complaint was filed on October 22, 2007 against Defendants Harold Clarke, Christen Skipworth and Norman Hill.  (Dkt. # 29).  On November 2, 2007, Plaintiff filed a Supplement to his Amended Complaint setting forth his damage claim, as directed by the Court.  (Dkt. # 32). Defendants filed a motion to dismiss on November 6, 2007. (Dkt. # 33).

Plaintiff brings his motion for default judgment against the named Defendants in addition to three unknown individuals who are not named as Defendants in this action. (Dkt. # 34).  In his motion to compel, Plaintiff claims that he filed requests for discovery of the Indeterminate Sentencing Review

---

[1] The Court notes that Plaintiff requested the Clerk to serve opposing counsel with his motion to compel because he claims that "every time [he] sends them something they tell [him] that they didn't receive it or they refuse to respond."  (Dkt. # 39) Plaintiff is not relieved of his obligation to file and serve his papers in this litigation.  Furthermore, there is no evidence that Defendants have refused receipt or not responded to any of his motions.

ORDER
Page - 1

Board and Department of Corrections five months ago. (Dkt. # 38). Neither of these entities are named Defendants in this litigation. Plaintiff alleges generally that all of these individuals have failed to respond to oral deposition, written depositions, interrogatories, requests for production and requests for admissions. (*Id.*). The Plaintiff's motion for default is not signed or dated. Plaintiff has not included a certification that he made any attempt to meet and confer with counsel for the named Defendants regarding any outstanding discovery issues in either of the motions. (Dkt. # 37, Exh. 1).

Before a party may bring a motion to compel discovery, he must make a good faith effort to meet and confer regarding the outstanding discovery at issue. Fed. R. Civ. P. 37 (2)(b). The motion must include a certification stating as much. *Id*. This is to allow the parties to address discovery issues prior to getting the Court involved. *Id*. Thus, Plaintiff must first confer with opposing counsel regarding any discovery issues, including motions for defaults and motions to compel, prior to requesting relief from the Court as required by Local Rule 37(a)(2). The record reflects that Plaintiff has not made any attempts to contact Defendants' counsel, even by way of letter, to discuss any discovery issues prior to filing his motions.

In addition, Plaintiff failed to sign his motion for default as required by Fed. R. Civ. P. 11.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motions for default judgment and to compel (Dkt. # 34 and 38) are **DENIED**; and

(2) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this  14th  day of December, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2