UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ANTHONY ABELS,<br><br>  Plaintiff,<br><br>  v.<br><br>HAROLD CLARKE, *et al.*,<br><br>  Defendants. | Case No. 07-5303 RBL/KLS<br><br>ORDER DENYING MOTIONS FOR DEFAULT, FOR COUNSEL AND GRANTING MOTION TO STAY DISCOVERY |

Before the Court are various motions of Plaintiff for default (Dkt. # 48), for discovery (Dkt. # 41, 47, 55, and 54), for clarification and for the appointment of counsel (Dkt. # 49). Also pending before the Court is Defendants' motion to dismiss, raising qualified immunity as a defense. (Dkt. # 33). Defendants oppose Plaintiffs' motions and request a stay of discovery pending the Court's determination of the issue of qualified immunity.

## DISCUSSION

Motion to Stay Discovery. The Court first turns to Defendants' motion to stay discovery pending a decision on its motion to dismiss, raised in their response to Plaintiff's various motions. (*See* Dkt. # 50). The Court finds that the motion to stay should be granted. Defendants raised qualified immunity as a defense. (Dkt. # 33). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). When government officials raise the issue of qualified immunity, discovery should not proceed until this threshold issue is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727,

ORDER - 1

2738 (1982); *Anderson v. Creighton*, 483 U.S. 635, 646N.6, 107 S. Ct. 3034, 3042 N.6 (1987); *DiMartini v. Ferrin*, supra, 889 F.2d at 926.

Based upon the foregoing authorities, the Court finds that the parties should not be burdened with the expense of discovery until the Court has resolved the pending issue of qualified immunity.

Accordingly, the parties shall not engage in any discovery until further order of this Court. If the Court determines that Defendants are not entitled to qualified immunity, it will issue an order directing that the parties may then commence discovery.

<u>Motion for Default</u>.   Plaintiff seeks an order for default against the named Defendants and the parties terminated from this action in October with the filing of his Amended Complaint. (Dkt. # 48).   Plaintiff alleges generally that all of these individuals have failed to respond to oral depositions, written depositions, interrogatories, requests for production and requests for admissions. (*Id*.). Plaintiff has not included a certification that he made any attempt to meet and confer with counsel for the named Defendants regarding any outstanding discovery issues in either of the motions.  Before a party may bring a motion to compel discovery, he must make a good faith effort to meet and confer regarding the outstanding discovery at issue. Fed. R. Civ. P. 37 (2)(b).

In addition, defense counsel's attempts to discuss discovery issues with Plaintiff were apparently unsuccessful.  (Dkt. # 51, Exh. 1).   Plaintiff is referred to this Court's earlier Order denying his motion for default (Dkt. # 43) and Rules 26 through 37 of the Federal Rules of Civil procedure governing discovery.

Based on the foregoing reasons and because the Court has determined that all discovery shall be stayed pending this Court's determination of Defendants' motion to dismiss, Plaintiff's motion for default shall be denied.

ORDER - 2

Motions for Discovery. Plaintiff has also filed a motion to depose Defendants (Dkt. # 41), motions for discovery (Dkt. # 47 and # 55) and a motion compelling discovery (Dkt. # 54).[1]

Plaintiff is directed to Rules 26 through 37 of the Federal Rules of Civil Procedure governing the scope and limits of discovery. Plaintiff must first serve the opposing parties with his discovery requests and allow thirty days for the parties to respond to his discovery requests before he files a motion to compel with the Court. In addition, prior to filing a motion to compel, Plaintiff must meet and confer with Defendants or counsel for Defendants in an attempt to resolve any discovery issues as required by Fed. R. Civ. P. 37(a)(2)(B). Then, when Plaintiff files his motion to compel, he must include a certification with the motion that he has met and conferred in an attempt to resolve all discovery disputes. Only then will the Court entertain a motion to compel.

For the foregoing reasons and because the Court has determined that all discovery shall be stayed pending this Court's determination of Defendants' motion to dismiss, Plaintiff's motions for discovery shall be denied.

Motion for Counsel. Plaintiff has filed a motion for clarification and a second motion for the assignment of counsel. (Dkt. # 49). This is Plaintiff's second motion for counsel. Plaintiff's previous motion for the appointment of counsel was denied. (Dkt. # 21). Plaintiff has not identified any exceptional circumstances which would lead the Court to reconsider its previous ruling that counsel is not necessary in this case. Although Plaintiff complains that he is not learned in the law, the issues in this case are not complex and Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff also states that he suffers from certain medical conditions. However, there is no evidence before the Court that these conditions affect Plaintiff's ability to

---

[1] These latter two motions are noted for February 1, 2008, but the Court is addressing all outstanding discovery motions at this time in light of its decision to stay discovery pending a decision on Defendants' motion to dismiss.

ORDER - 3

1  litigate his case.

2        Accordingly, it is **ORDERED:**

3        (1)    Plaintiff's motions (Dkt. # 41, 47, 48, 49, 55 and 54) are **DENIED**;

4        (2)    The Clerk of the Court shall send copies of this Order to Plaintiff and counsel for Defendants.

      DATED this 28th day of January, 2008.

                                      Karen L. Strombom
                                      United States Magistrate Judge

ORDER - 4