UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ANTHONY ABELS,<br><br>    Plaintiff,<br><br>    v.<br><br>HAROLD CLARKE, *et al.*<br><br>    Defendants. | Case No. 07-5303 RBLKLS<br><br>ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is Plaintiff's second motion for appointment of counsel. (Dkt. # 63). Plaintiff's first motion for counsel (Dkt. # 16) was denied on September 18, 2007. (Dkt. # 21). Having reviewed the present motion, the Court finds for the reasons stated below that Plaintiff's motion should be denied.

## I. DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before

ORDER - 1

1 reaching a decision on request of counsel under Section 1915(d).  *Id*.

2      Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not
3 demonstrated that the issues involved in this case are complex or that he has had any difficulties in
4 expressing them.  Plaintiff is articulate and brings his claims in a very clear and organized manner.
5 While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se
6 litigant.

7      Plaintiff has raised no new exceptional circumstances that were not addressed or considered
8 in his first motion.  The difficulties claimed by Plaintiff are difficulties which any litigant would
9 have in proceeding pro se, they do not indicate exceptional factors.  Accordingly, the Court
10 continues to find that counsel is not necessary in this case and Plaintiff's motion to appoint counsel
11 (Dkt. # 63) is **DENIED**.

12      The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

14      DATED this 5th  day of March, 2008.

                                                  Karen L. Strombom
                                                  United States Magistrate Judge

28 ORDER - 2