UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ANTHONY ABELS,<br><br>    Plaintiff,<br><br>        v.<br><br>HAROLD CLARKE, *et al.*,<br><br>    Defendants. | Case No. C07-5303 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**Noted For: March 21, 2008** |

Before the Court are Plaintiff's motions for medical treatment. (Dkt. # 53 and 62). After careful review of the motions, Defendants' responses (Dkt. # 58 and 66) and balance of the record, the undersigned recommends that the motions be denied.

**I. FACTUAL BACKGROUND AND RELIEF REQUESTED**

**A.    Plaintiff's Complaint**

Plaintiff alleges that Defendant Harold Clarke transferred him to RAP/Lincoln Park Work Release House on January 10, 2007 and on January 30, 2007, a mentally ill work release prisoner

REPORT AND RECOMMENDATION - 1

attacked and beat Plaintiff. (Dkt. # 29[1], p. 1).

Plaintiff reported the incident and his injuries to Defendant Kristen Skipworth, supervisor of the work release and to Defendant CCO Norman Hill, but he was never given any medical treatment for his injuries. *Id*. Plaintiff alleges further that to date he has not been given any medical treatment for any of his injuries, all in violation of his Eighth Amendment rights. *Id*.

**B.     Relief Requested**

Plaintiff currently seeks medical treatment while in prison. He claims that he is a ward of the State and essentially, that because Defendant Clarke is in charge of the DOC, he should ensure that Plaintiff provide the medical treatment that he needs while he is incarcerated. *See* Dkt. # 53, 62. Plaintiff attaches various health services kites, some undated, some dated as early as March of 2007. Plaintiff also attaches various infraction reports. (Dkt. # 62, attachments).

Plaintiff is currently incarcerated at the McNeil Island Corrections Center (MICC) in Steilacoom, Washington. (Dkt. # 1, Attach. 1, p. 2). However, Plaintiff has not named any individuals at MICC as Defendants in this lawsuit. *Id*.

Plaintiff seeks a preliminary injunction to "provide him with medical treatment because it is his constitutional right." (Dkt. # 62, p. 2). Plaintiff states that he is unable to identify what medical treatment he needs because he has been denied treatment for over a year.

## II. STANDARD OF REVIEW

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving

---

[1] The Amended Complaint (Dkt. # 29), naming Defendants Harold Clarke, Kristine Skipworth and Norman Hill, should be read with the Supplement which Plaintiff filed at the direction of the Court. (Dkt. # 32).

REPORT AND RECOMMENDATION - 2

Case 3:07-cv-05303-RBL   Document 70   Filed 03/06/08   Page 3 of 5

party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. V. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

### III. DISCUSSION

At the outset, the Court notes that Plaintiff seeks injunctive relief against individuals who are not named parties to this lawsuit – employees at MICC, who can provide whatever medical care that may be necessary during Plaintiff's incarceration. This Court has no personal jurisdiction over these individuals. *See, e.g., Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defendant must be served in accordance with Fed. R. Civ. P. 4 or court has no personal jurisdiction over that defendant). Plaintiff is directed to request medical treatment through the channels available to him within the system available at MICC.

Plaintiff also names Harold Clarke and argues that as Secretary of DOC, he is responsible for the actions of employees at MICC. (Dkt. # 62, p. 1). Defendants counter that Defendant Clarke is no longer the Secretary of DOC and that Plaintiff has offered no evidence the Defendant Clarke has had any contact with MICC, or that any of the Defendants have any interaction or control over the staff at MICC. (Dkt. # 66, p. 5).

Notwithstanding this lack of evidence, the undersigned finds that Plaintiff also cannot

REPORT AND RECOMMENDATION - 3

1  meet his burden to justify the extraordinary relief he requests as he has failed to show a significant

2  risk of irreparable harm.

3  Plaintiff is correct that deliberate indifference to an inmate's serious medical needs

4  violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v.*

5  *Gamble*, 429 U.S. 97, 104 (1976).  Deliberate indifference includes denial, delay or intentional

6  interference with a prisoner's medical treatment. *Id*. at 104-5; *see also Broughton v. Cutter Labs*.,

7  622 F.2d 458, 459-60 (9th Cir. 1980).   However, Plaintiff does not state what medical attention he

8  is seeking or what medical treatment is being denied that is related to his claims in this action.

9  Plaintiff has simply failed to show that he is at risk of any actual or substantial injury without

10  intervention of the Court.

### IV.  CONCLUSION

13  For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's

14  motion for preliminary injunction (Dkt. # 119)**.**  A proposed order accompanies this Report and

15  Recommendation.

17  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

18  the parties shall have ten (10) days from service of this Report to file written objections. *See also*

19  Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes

20  of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

21  72(b), the clerk is directed to set the matter for consideration on **March 21, 2008**, as noted in the

22  caption.

26  REPORT AND RECOMMENDATION - 4

1    DATED this 5th day of March, 2008.

                                                  /s/ Karen L. Strombom
                                                  Karen L. Strombom
                                                  United States Magistrate Judge

REPORT AND RECOMMENDATION - 5