UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ANTHONY ABELS, | |
| Plaintiff, | Case No. C07-5303 RBL/KLS |
| v. | REPORT AND RECOMMENDATION |
| HAROLD CLARKE, *et al.*, | **NOTED FOR: March 28, 2008** |
| Defendants. | |

Before the Court is the motion for summary judgment of Plaintiff Michael Anthony Abels (Dkt. # 64). Having carefully reviewed the motion and Defendants' opposition (Dkt. # 67), the Court recommends that Plaintiff's motion be denied.

**I. BACKGROUND**

Plaintiff alleges that Defendant Harold Clarke transferred him to RAP/Lincoln Park Work Release House on January 10, 2007 and on January 30, 2007, a mentally ill work release prisoner

REPORT AND RECOMMENDATION - 1

1  attacked and beat Plaintiff.  (Dkt. # 29[1], p. 1).

2      Plaintiff reported the incident and his injuries to Defendant Kristen Skipworth, supervisor of
3  the work release and to Defendant CCO Norman Hill, but he was never given any medical
4  treatment for his injuries.  *Id*.  Plaintiff alleges further that to date he has not been given any
5  medical treatment for any of his injuries, all in violation of his Eighth Amendment rights.   *Id*.

6  **II. SUMMARY JUDGMENT**

7  **A.     Standard of Review**

8      In examining Defendants' motion, the Court must draw all inferences from the admissible
9  evidence in the light most favorable to the non-moving party.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d
10 1130, 1134 (9th Cir. 2000).  Summary judgment is proper where there is no genuine issue of material
11 fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The moving
12 party bears the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex*
13 *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

14     Once the moving party has met its burden, the opposing party must show that there is a genuine
15 issue of fact for trial.  *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87
16 (1986).  The opposing party must present significant and probative evidence to support its claim or
17 defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  "A
18 plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that
19 belief, is no more than speculation or unfounded accusation about whether the defendant really did
20 act from an unlawful motive." *Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1028
21 (9th Cir. 2001).

---

[1] The Amended Complaint (Dkt. # 29), naming Defendants Harold Clarke, Kristine Skipworth and Norman Hill, should be read with the Supplement which Plaintiff filed at the direction of the Court. (Dkt. # 32).

REPORT AND RECOMMENDATION - 2

### III. DISCUSSION

Defendants argue that they should not be forced to defend a summary judgment motion at this time because they have filed a motion to dismiss and discovery has been stayed by the Court pending the Court's ruling on that motion. Defendants are correct. Defendants filed their motion to dismiss (Dkt. # 33) and the Court entered an order staying discovery. (Dkt. # 60). The Court has addressed Defendants' motion to dismiss by separate report and recommendation.

Fed. R. Civ. P. 56(f) provides:

> **(f) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The purpose of Fed. R. Civ. P. 56(f) is to prevent a party from being "railroaded" by a premature motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 2554 (1986). Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.

*Id*.

In this case there is a pending motion to dismiss and all discovery has been stayed. Should the Court deny any part of the Defendants' motion to dismiss, Defendants will seek to depose Plaintiff and obtain his medical records to determine whether he has requested medical treatment and whether he is currently receiving medical treatment. (Dkt. # 67, Exh. 1).

Accordingly, the Court finds that it is not unreasonable nor prejudicial under these circumstances to allow additional time for discovery regarding Plaintiff's claims. Plaintiff's motion

REPORT AND RECOMMENDATION - 3

for summary judgment is premature and it is appropriate for the Court to deny or continue the motion until such time as the Court has issued its ruling on Defendants' motion to dismiss and/or lifted the stay on discovery in this matter.

### V.  CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' motion for summary judgment (Dkt. 64) be **DENIED.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 28, 2008**, as noted in the caption.

DATED this   5th   day of March, 2008.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4