UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ANTHONY ABELS,<br><br>    Plaintiff,<br><br>    v.<br><br>HAROLD CLARKE, *et al.*,<br><br>    Defendants. | Case No. C07-5303 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**Noted For: April 25, 2008** |

    Before the Court is Plaintiff's motion for medical treatment. (Dkt. # 68). After careful review of the motion and Defendants' response (Dkt. # 73), the undersigned recommends that the motion be denied as it is duplicative of Plaintiff's previous motions for medical treatment (Dkt. # 53 and 62), which have been previously denied by this Court. (Dkt. # 70, 75).

## I. FACTUAL BACKGROUND AND RELIEF REQUESTED

**A.**     **Plaintiff's Complaint**

    Plaintiff alleges that Defendant Harold Clarke transferred him to RAP/Lincoln Park Work Release House on January 10, 2007 and on January 30, 2007, a mentally ill work release prisoner

REPORT AND RECOMMENDATION - 1

attacked and beat Plaintiff. (Dkt. # 29[1], p. 1).

Plaintiff reported the incident and his injuries to Defendant Kristen Skipworth, supervisor of the work release and to Defendant CCO Norman Hill, but he was never given any medical treatment for his injuries. *Id*. Plaintiff alleges further that to date he has not been given any medical treatment for any of his injuries, all in violation of his Eighth Amendment rights. *Id*.

**B.     Relief Requested**

In this motion filed on February 29, 2008, Plaintiff seeks to be restored to his previous status of work release so that he can seek medical care at a medical facility at his own expense because he claims that the DOC refuses to provide medical treatment for him. (Dkt. # 68, p. 1).

In his previous motions, filed January 7, and February 14, 2008, Plaintiff sought medical treatment while in prison. (Dkt. # 53 and 62). Plaintiff sought a preliminary injunction to "provide him with medical treatment because it is his constitutional right." (Dkt. # 62, p. 2). However, Plaintiff was unable to identify the medical treatment he needed.

Plaintiff is currently incarcerated at the McNeil Island Corrections Center (MICC) in Steilacoom, Washington. (Dkt. # 1, Attach. 1, p. 2).

## II. STANDARD OF REVIEW

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable

---

[1] The Amended Complaint (Dkt. # 29), naming Defendants Harold Clarke, Kristine Skipworth and Norman Hill, should be read with the Supplement which Plaintiff filed at the direction of the Court. (Dkt. # 32). Defendants' motion to dismiss the Amended Complaint has been granted except as to Plaintiff's claim for retaliatory transfer, for which Plaintiff has been granted leave to amend. (Dkt. # 80).

REPORT AND RECOMMENDATION - 2

injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

### III. DISCUSSION

Plaintiff's most recent motion is duplicative of his previous two motions for medical care filed in January and February. (Dkt. # 53 and 62). The Court denied those motions because Plaintiff sought injunctive relief against individuals who were not named parties to this lawsuit – employees at MICC, who can provide whatever medical care that may be necessary during Plaintiff's incarceration. This Court has no personal jurisdiction over these individuals. *See, e.g.*, *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defendant must be served in accordance with Fed. R. Civ. P. 4 or court has no personal jurisdiction over that defendant). In addition, Plaintiff failed to state what medical attention he is seeking or what medical treatment is being denied that is related to his claims in this action.

In his most recent motion, Plaintiff requests that he be restored to his previous status of work release. (Dkt. # 68, p. 1). To the extent Plaintiff is requesting this Court enter an order directed at MICC or its employees, this Court lacks jurisdiction to do so. In addition, inmates have no right to placement in a particular correctional institution. *See, Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, Plaintiff cannot meet his burden to justify the extraordinary

REPORT AND RECOMMENDATION - 3

relief he requests as he has failed to show a significant risk of irreparable harm. Plaintiff states again that he "hasn't received any medical attention." (Dkt. # 68, p. 2). This statement without more, however, is simply insufficient to show that he is at risk of any actual or substantial injury without intervention of the Court.

### IV.  CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's motion for preliminary injunction (Dkt. # 68)**.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 25, 2008**, as noted in the caption.

DATED this  1st  day of April, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4