UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

    Plaintiff,

v.

HAROLD CLARKE, *et al.*

    Defendants.

Case No. 07-5303 RBLKLS

ORDER DENYING THIRD MOTION
FOR APPOINTMENT OF COUNSEL

Before the Court is Plaintiff's third motion for appointment of counsel. (Dkt. # 96). Plaintiff's first motion for counsel (Dkt. # 16) was denied on September 18, 2007. (Dkt. # 21). Plaintiff's second motion for counsel (Dkt. # 63) was denied on March 6, 2008. (Dkt. # 69). Having reviewed the present motion, the Court finds for the reasons stated below that Plaintiff's motion should be denied.

## I. DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789

ORDER - 1

1 F.2d at 1331.  Neither of these factors is dispositive and both must be viewed together before
2 reaching a decision on request of counsel under Section 1915(d).  *Id*.

3       Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not
4 demonstrated that the issues involved in this case are complex or that he has had any difficulties in
5 expressing them.  Plaintiff is articulate and brings his claims in a very clear and organized manner.
6 While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se
7 litigant.

8       Plaintiff has raised no new exceptional circumstances that were not addressed or considered
9 in his first and second motions.  The difficulties claimed by Plaintiff are difficulties which any
10 litigant would have in proceeding pro se, they do not indicate exceptional factors. The Court has
11 already found that the issues in this case are not complex (the issue remaining is whether Plaintiff's
12 transfer from work release back to prison was retaliatory).  Nor has Plaintiff provided any evidence
13 of exceptional circumstances or a likelihood of success on the merits.

14       The Court is troubled by the Plaintiff's repeated motions which fail to address the legal
15 standard for appointment of counsel.  Under Rule 11 of the Federal Rules of Civil Procedure,
16 Plaintiff's signature on a pleading is an indication that the motion is brought in good faith and is not
17 designed to needlessly increase the cost of litigation.  The Court accepts that this fourth motion was
18 brought in good faith.  However, Plaintiff is warned that future motions should address the proper
19 legal standard for the court's consideration.  Failure to do so may result in sanctions, which may
20 include costs, monetary sanctions, and possibly dismissal of the action.

21       Accordingly, the Court continues to find that counsel is not necessary in this case and
22 Plaintiff's motion to appoint counsel (Dkt. # 96) is **DENIED**.   The Clerk is directed to send copies
23 of this Order to Plaintiff and counsel for Defendants.

24       DATED this  6th  day of August, 2008.

Karen L. Strombom
United States Magistrate Judge

28 ORDER - 2