UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

Plaintiff,

v.

HAROLD CLARKE, *et al.*,

Defendants.

Case No. C07-5303 RBL/KLS

ORDER DENYING PLAINTIFF'S
MOTION TO DEPOSE AND
DEFENDANTS' MOTION TO
QUASH

Before the Court are Plaintiff's Motion to Depose Defendants (Dkt. # 95) and Defendants' Motion to Quash (Dkt. # 99). For the reasons set forth below, both motions shall be denied.

## II. DISCUSSION

**A.    Plaintiff's Motion to Compel Depositions**

Plaintiff seeks an order compelling the depositions of Defendants but he has not conferred with defense counsel nor has he given notice identifying the time and place of the depositions. Plaintiff is referred to Rule 30 of the Federal Rules of Civil Procedure governing the proper procedure to follow regarding notice and the taking of depositions. Plaintiff is advised that he must confer with Defendants' counsel and that the Court will not entertain any discovery motions unless the parties have first attempted to resolve their discovery disputes. Any discovery motion brought before this Court "must include a certification that the movant has in good faith conferred or

ORDER  1

attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B).

However, it appears from Plaintiff's motion and Defendants' response that the parties are aware that Plaintiff seeks to take the non-stenographic depositions of the Defendants; the parties simply need to agree on the date and the details for conducting the depositions.  To the extent the parties cannot agree, the Court suggests the following:

(a)  any deposition performed by plaintiff shall take place at or near the McNeil Island Correctons Center (MICC), organized with the assistance of the authorities at the MICC;

(b)  if the parties cannot agree otherwise, the depositions shall be conducted before an officer appointed or designated under FRCP 28; this should be an independent party without any interest in the matter and defendants should in good faith seek to allow or agree to use an employee of the Department of Corrections to perform these duties to alleviate the high cost of using a private business; in any event the taped deposition shall include the information indicated in FRCP30(b)(4);

(c)  the individual either chosen by the parties or appointed by the court to provide the oath at a deposition shall also operate two tape recorders to produce two original recordings of a deposition; (Please note, if the parties are unable to agree to an individual, before the court is willing to appoint an individual to administer oral depositions for plaintiff, plaintiff must explore other means to conduct discovery. Specifically, plaintiff should consider Rule 31 to obtain  information.  The parties shall also note  Rule 29 of the Federal Rules of Civil Procedure provides alternatives to general discovery practice and procedure, and the court encourages the parties to mutually work out discovery complications.  Parties should inform the court of stipulations made pursuant to Federal Rule of Civil Procedure 29.)

(d)  defendants' counsel may attend any deposition noted by plaintiff and defendant may record a deposition on his or her own equipment or defendants may ask plaintiff to produce a copy of the original tape at defendants' cost; defendants may choose to stenographically record a deposition at their own cost;

(e)  at the end of a deposition the plastic tab(s) on each original cassette shall be removed to help prevent the tape from being erased or recorded on a second time;

(f)  at the end of a deposition one original tape shall be placed in an envelope, sealed, and signed by the person chosen or appointed to give the oath; this tape recording shall be delivered in its sealed state to the clerk of the court for filing with the court record;

(g)  if the testimony from any deposition is to be used by either party in a motion, pleading or any aspect of the trial, the party proposing to use that testimony must supply the court with a written transcript of the relevant portions of the deposition;

(h)  a transcript of a deposition shall not be filed with the court unless it is to

ORDER  2

be used by a party in a motion, pleading, or trial of this matter; a transcript of a deposition, in whole or in part, shall not be filed with the court unless the deponent has had the opportunity to review and make any changes or corrections he or she deems necessary;

(i) any challenge to the accuracy or trustworthiness of a transcript filed by a party can be raised in an objection served and filed by the opposing party in a responsive brief or appropriate and timely motion;

(j) if the recording is of poor quality and the court cannot understand the tape and transcription, the recorded deposition shall not be utilized by either party for any purpose.

Accordingly, Plaintiff's motion to compel (Dkt. # 95) shall be denied and the parties are directed to confer to schedule the depositions of Defendants. The parties are advised that "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A). The court expects Plaintiff and defense counsel to cooperate in their discovery efforts.

**B.      Defendants' Motion to Quash Deposition of Mr. Clarke**

As a general matter, agency heads and top government officials are not subject to deposition.

*Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). In addition, "[c]ourts cannot, and should not, undertake a probe of the mental processes utilized by an administrative officer in performing his function of decision." *Ledgering v. State*, 63 Wn.2d 94, 101, 385 P.2d 522 (1963) (citing *United States v. Morgan*, 313 U.S. 409, 61 S. Ct. 999, 85 L. Ed. 1429 (1941)).

Defendants argue that Mr. Abels' transfer to another facility is not central to this case and therefore, Mr. Abels' desire to depose Mr. Clarke concerning his reasons for the transfer are not relevant to this proceeding. Defendants are incorrect. The only issue remaining in this case is whether Defendants' transfer of Plaintiff from the Lincoln Park work release to prison was retaliatory. (Dkt. # 81, pp. 1-2).

Plaintiff is advised, however, that he should refrain from questioning Mr. Clarke as to his deliberative processes in supervising staff or instituting policy directives.

Accordingly, it is **ORDERED:**

ORDER  3

(1)    Plaintiff's Motion to Depose Defendants (Dkt. # 95) is **DENIED**;

(2)    Defendants' motion to quash deposition of Defendant Clarke (Dkt. # 99) is

        **DENIED;** and

(3)    The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for

        Defendants.


DATED this _6th_ day of August, 2008.




Karen L. Strombom
United States Magistrate Judge

ORDER  4