UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

    Plaintiff,

v.

HAROLD CLARKE, *et al.*,

    Defendants.

Case No. C07-5303 RBL/KLS

REPORT AND RECOMMENDATION

**Noted For: August 22, 2008**

Before the Court is Plaintiff's motion for a preliminary injunction to be returned to a work release program. (Dkt. # 97). After careful review of the motion, Defendants' response (Dkt. # 100), Plaintiff's reply (Dkt. # 101), and the balance of the record, the undersigned recommends that the motion be denied.

## I. FACTUAL BACKGROUND AND RELIEF REQUESTED

**A.    Plaintiff's Second Amended Complaint**

The following is a summary of the allegations contained in the Plaintiff's Second Amended Complaint:

Plaintiff was transferred to Lincoln Park work release facility on January 10, 2007 and on

REPORT AND RECOMMENDATION - 1

January 30, 2007 he was attacked and beaten by a mentally ill prisoner. (Dkt. # 81, p. 1). He reported the crime to Defendants Kristen Skipworth and Norman Hill, who did not report the crime to the proper authorities or provide Plaintiff with needed medical care. *Id*. Plaintiff complained about the lack of medical care for seven days and his mother also called the work release facility to complain about the attack and lack of medical care. *Id*. On February 7, 2007, Defendants Skipworth and Hill, under the supervision of Defendant Clarke, transferred Plaintiff back to prison at McNeil Island Corrections Center (MICC) and placed him in isolation. *Id*.

Plaintiff was never infracted by the work release for violating any Department of Corrections' (DOC) rules or statutes or any of the terms of his parole and was never given any disciplinary hearing by the work release or a parole revocation hearing. *Id.*, p. 2. He was removed from the work release out of retaliation for expressing his feelings about the attack, lack of medical attention, and an ongoing investigation of staff and inmates at the work release. *Id*., p. 2, 20.

In his prayer for relief, Plaintiff requests preliminary injunctive relief, restoration of his parole status in work release, and damages for lost wages. *Id*., p. 17.

**B.     Injunctive Relief Requested**

Plaintiff alleges that he has been kidnaped by the DOC, who came to his job and arrested him without due process, arrest warrant or formal charges or indictment. (Dkt. # 97, pp. 1-2). Mr. Abels claims that he was never provided a classification, disciplinary or parole revocation hearing before being removed from society or after he was returned to prison. *Id*., p. 2. Mr. Abels also claims that he did not violate his parole nor was he infracted by the work release program for violating a DOC rule or statute. *Id*.

Plaintiff seeks release him from custody, stating that he should be "restored to his original status in society ASAP." *Id*., p. 6. Plaintiff asks to be restored to work release and allowed to

REPORT AND RECOMMENDATION - 2

transition back into society "as he was doing before he was terminated without just cause by the defendants." (Dkt. # 101, p. 2).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976).

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 3

## III. DISCUSSION

Plaintiff states that a preliminary injunction should be granted to "restore him to his original status, in society ASAP!" (Dkt. # 97, p. 6). In his reply, Plaintiff clarifies that he wishes to be restored to work release and allowed to transition back into society as he was doing "before he was terminated without just cause by the defendants." (Dkt. # 101, p. 2).

Plaintiff argues that a preliminary injunction is necessary to prevent him from suffering irreparable harm while he awaits disposition of the case. (Dkt. # 97). He asserts that the danger of irreparable harm exists due to the arbitrary and capricious nature of the Defendants, who have failed to provide the court with any penological reason why he was transferred back to prison and placed in isolation. *Id.* Mr. Abels also argues that he will suffer more without an injunction than prison officials will suffer with the injunction for it is always in the public interest for prison personnel to obey the Constitution and laws. *Id.*

Although prisoners generally have no constitutionally protected liberty interest in being held at, or remaining at, a given facility, *see, e.g., Meachum v. Fano*, 427 U.S. 215 (1976), prison officials may not transfer an inmate to another facility in retaliation for the inmate's exercise of his First Amendment rights. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Rizzo*, 778 F.2d at 532 (citing *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984)). The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *See id.* In addition, in evaluating retaliation claims, a court should "afford appropriate deference and flexibility" to prison officials in the evaluation of proffered legitimate

REPORT AND RECOMMENDATION - 4

penological reasons for conduct alleged to be retaliatory." *Sandin v. Conner*, 515 U.S. 472 (1995).

In support of his motion, Plaintiff attaches a copy of the Decision and Reasons of the Indeterminate Sentence Review Board (ISRB) dated February 14, 2007. (Dkt. # 87, p. 9). In it the ISRB continues its hearing regarding Mr. Abels, noting that Mr. Abels was near the end of his Mutual Agreement Plan at the Rap House Work Release when he was returned to segregation at McNeil Island in handcuffs without an infraction, at a time when there was an ongoing investigation at the work release (not involving Mr. Abels) involving other staff and offenders acting inappropriately. *Id.* The matter was referred to the Board Hearing Officer to find out more information and Mr. Abels was rescheduled on the next available docket. *Id.*

In addition, Plaintiff attaches portions of the Defendants' motion to dismiss his second amended complaint in which Defendants argue that Plaintiff's previous allegations regarding his wrongful placement in prison at the hands of the ISRB fail to allege personal participation against them. *Id.*, p. 7.

Mr. Abels argues that these documents are evidence that the ISRB did not put him back in prison and the Defendants deny putting him back in prison, then he must have been kidnaped and is being held in violation of the 13th Amendment prohibition against slavery and the 8th Amendment prohibition against cruel and unusual punishment.

The evidence provided by Plaintiff does not support his assertion of being kidnaped nor does it support a claim of retaliation. Plaintiff has provided only the interim ISRB decision, not the final ISRB decision in his case, which presumably followed an investigation by the Board Hearing Officer. *See, e.g.* Dkt. 97, p. 9. The statements made by Defendants in their motion to dismiss were to allegations made by Mr. Abels in a previous pleading that is now superseded by Plaintiff's Second Amended Complaint. As discussed above, Plaintiff must show that there were no legitimate

REPORT AND RECOMMENDATION - 5

correctional purposes motivating the actions of which he complains. This he has not done. In addition, Plaintiff provides no evidence of irreparable harm. For this reason alone, his request for injunctive relief, must be denied.

To secure injunctive relief, a plaintiff must demonstrate "a very significant possibility" that future harm will ensue. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990). The burden of showing a likelihood of a recurrence of harm is "firmly on the plaintiff." *Id.* at 1251. To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). The moving party "must do more than merely allege imminent harm," he "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Associated General Contractors*, 950 F.2d at 1410.

Plaintiff has provided no evidence of any threat of imminent harm to Plaintiff in his continued housing situation. Indeed, Plaintiff has provided the Court with no explanation or evidence of what prejudice or discomfort he is experiencing other than his continued incarceration. As the judicial intervention sought by Plaintiff would neither preserve the status quo nor prevent irreparable injury pending the resolution of the underlying claim, see e.g., *Sierra On-line,* 739 F.2d at 1422, Plaintiff's request for injunctive relief should be denied.[1]

---

[1] To the extent Mr. Abels is challenging the lawfulness of his conviction or sentence, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

REPORT AND RECOMMENDATION - 6

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's motion for preliminary injunction (Dkt. # 97)**.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 22, 2008**, as noted in the caption.

DATED this  6th  day of August, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7