UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

    Plaintiff,

v.

HAROLD CLARKE, *et al.*,

    Defendants.

Case No. C07-5303 RBL/KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Before the Court is Plaintiff Michael Anthony Abels' motion to compel discovery and for sanctions. Dkt. # 109. Plaintiff requests that the Defendants "respond to initial disclosures," produce documents and that they be sanctioned for failing to comply with the Court's discovery deadline. *Id*. Defendants oppose the motion. Dkt. # 110. Having considered the motion, response, Plaintiff's reply (Dkt. # 114), and balance of the record, the Court finds that Plaintiff's motion should be denied.

**I. DISCUSSION**

**A. Rule 26(a) Disclosures**

Mr. Abels seeks to compel Defendants' participation in "initial disclosures." Dkt. # 109. However, Fed. R. Civ. P. 26(a)(1)(B)(iv) specifically exempts initial disclosures in "action[s] brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." As Mr. Abels is currently in the custody of the state of Washington and is appearing

ORDER 1

without counsel in this matter, his motion for Rule 26(a) disclosures is, therefore, not proper.

**B.    Production of Documents**

Mr. Abels also seeks to compel the production of documents. Dkt. # 109, p. 1. However, he has not identified the documents or discovery requests that he wishes to have compelled from the Defendants. In addition, Mr. Abels has not certified to the Court that he has met and conferred with defense counsel prior to bringing this motion. Mr. Abels was previously advised of this obligation. Dkt. # 105. Plaintiff is again advised that he must confer with Defendants' counsel and that the Court will not entertain any discovery motions unless the parties have first attempted to resolve their discovery disputes. Any discovery motion brought before this Court "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B).

**C.    Depositions**

This Court previously advised the parties that they are to cooperate in the scheduling of depositions. Dkt. # 105. The parties are encouraged to continue their efforts to reach an agreement to complete the depositions, by telephone or in person. If additional time is necessary to complete the depositions, the Court will entertain a request for an extension of the discovery deadline.

**D.    Sanctions**

Mr. Abels also requests sanctions. Rule 37 sanctions are appropriate only upon the granting of a properly filed motion to compel (with a certification that the movant has in good faith conferred or attempted to confer in an effort to obtain the discovery without court action), and the opposing party's nondisclosure was substantially unjustified. Fed. R. Civ. P. 37(a)(5)(A). None of these circumstances exist here.

Accordingly, it is **ORDERED:**

(1)    Plaintiff's motion to compel (Dkt. # 109) is **DENIED**.

ORDER  2

(2) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this 5th day of February, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER 3