UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

Plaintiff,

v.

HAROLD CLARKE, *et al.*

Defendants.

Case No. 07-5303 RBLKLS

ORDER DENYING FOURTH MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is Plaintiff Michael Abels' fourth motion for appointment of counsel. Dkt. # 118. Mr. Abels' first motion for counsel (Dkt. # 16) was denied on September 18, 2007. Dkt. # 21. His second motion for counsel (Dkt. # 63) was denied on March 6, 2008. Dkt. # 69. Mr. Abels' third motion for counsel (Dkt. # 96) was denied on August 6, 2008. Dkt. # 104. At that time, the Court admonished Mr. Abels for filing successive motions for counsel and warned him that any future motion not brought in good faith might result in sanctions. Dkt. # 104, p. 2.

**I. DISCUSSION**

As Mr. Abels is well aware, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*,

ORDER - 1

745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id.*

Mr. Abels has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Mr. Abels is articulate and brings his claims in a very clear and organized manner. While Mr. Abels may not have vast resources or legal training, he meets the threshold for a pro se litigant. The Court has already found that the issues in this case are not complex (the issue remaining is whether Mr. Abels' transfer from work release back to prison was retaliatory). Nor has Mr. Abels provided any evidence of exceptional circumstances or a likelihood of success on the merits.

Mr. Abels has raised no new exceptional circumstances that were not addressed or considered in his first three motions. Rather, he seeks the appointment of counsel in a matter completely unrelated to the matters at issue in this lawsuit. In this case, Mr. Abels alleges that he was attacked and beaten by a mentally ill prisoner at a work release and when he reported the crime, he was denied proper medical treatment and was transferred back to prison and placed in isolation. Dkt. # 81, p. 1. He filed the instant motion, on the other hand, for the appointment of counsel to represent him before the Indeterminate Sentence Review Board for his "Duration of Confinement Hearing." Dkt. # 118, p. 1.

## II. CONCLUSION

The Court finds that Mr. Abels' motion is not brought in good faith. If he chooses to file yet another motion similarly lacking in merit, the undersigned will recommend that his case be dismissed.

Accordingly, the Court continues to find that counsel is not necessary in this case and Plaintiff's motion to appoint counsel (Dkt. # 118) is **DENIED**. The Clerk is directed to send copies

ORDER - 2

1 | of this Order to Plaintiff and counsel for Defendants.

2 | DATED this  12th  day of March, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3