UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

    Plaintiff,

    v.

HAROLD CLARKE, *et al.*,

    Defendants.

Case No. C07-5303 RBL/KLS

REPORT AND RECOMMENDATION

**Noted For: April 17, 2009**

Before the Court is Plaintiff Michael Anthony Abels's motion for a preliminary injunction. Dkt. # 112. Mr. Abels requests a transfer from McNeil Island Correctional Center (MICC) to a medical facility at the Monroe Correctional Complex (MCC) as soon as possible, that all of his legal documents be restored to him at a cost of $100,000.00 and that the Department of Corrections (DOC) pay for the transfer of his personal property to him at MICC. *Id*.

After careful review of the motion, Mr. Abels' declarations and reply (Dkts. # 113, 116, 117), Defendants' response (Dkt. # 111), and balance of the record, the undersigned recommends that the motion be denied.

**I. BACKGROUND**

**A.    Plaintiff's Allegations - Second Amended Complaint (Dkt. # 81)**

Mr. Abels alleges that he was transferred to Lincoln Park work release facility on January

REPORT AND RECOMMENDATION - 1

10, 2007 and on January 30, 2007 he was attacked and beaten by a mentally ill prisoner. (Dkt. # 81, p. 1). He reported the crime to Defendants Kristen Skipworth and Norman Hill, who did not report the crime to the proper authorities or provide Mr. Abels with needed medical care. *Id*. Mr. Abels complained about the lack of medical care for seven days and his mother also called the work release facility to complain about the attack and lack of medical care. *Id*. On February 7, 2007, Defendants Skipworth and Hill, under the supervision of Defendant Clarke, transferred Mr. Abels back to prison at McNeil Island Corrections Center (MICC) where he was placed in isolation. *Id*.

Mr. Abels alleges that he was never infracted by the work release for violating any Department of Corrections' (DOC) rules or statutes or any of the terms of his parole and was never given any disciplinary hearing by the work release or a parole revocation hearing. *Id.*, p. 2. He was removed from the work release out of retaliation for expressing his feelings about the attack, lack of medical attention, and an ongoing investigation of staff and inmates at the work release. *Id*., p. 2, 20.

Mr. Abels requests restoration of his parole status in work release, damages, and lost wages. *Id*., p. 17.

**B.  Allegations in Pending Motion and Injunctive Relief Requested**

In his motion for injunctive relief, Mr. Abels makes various allegations unrelated to those stated in his Second Amended Complaint. Mr. Abels alleges that on November 14, 2008, he was attacked by another inmate at MICC. Dkt. # 112, p. 1. Mr. Abels claims that he suffered a dislocated left shoulder and broken right thumb, that he required immediate hospitalization, but that he has not received proper medical care for these injuries since that time. *Id*., p. 2. He also claims that he was given a disciplinary hearing and sanctioned with a loss of good time credits for the incident and alleges that evidence reflecting that his attacker was guilty mysteriously disappeared at

REPORT AND RECOMMENDATION - 2

his infraction hearing. *Id.*

Mr. Abels also alleges that he was transferred to maximum security without his medical records, even though he suffers from various medical ailments, including the most recent injuries to his left shoulder and right thumb. *Id.*, p. 3. He claims he was held in isolation for 35 days and that his counselor, the classification committee, and the superintendent have all recommended that he be transferred to Twin Rivers medical facility closer to his home. *Id.* However, Mr. Abels claims that before any of his grievances or appeals were answered, he was transferred to the Washington State Penitentiary (WSP) and all of his legal work of twenty-seven (27) years disappeared. *Id.*

Mr. Abels requests that he be transferred to the medical facility at MCC as soon as possible for proper medical treatment and that all of his legal documents be restored, replaced or reimbursed at a cost of $100,000.00 and that the DOC pay for the transfer of the remainder of his personal property to him. *Id.*, p. 3.

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976).

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix*

REPORT AND RECOMMENDATION - 3

*Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

### III. DISCUSSION

Mr. Abels seeks injunctive relief against individuals who are not named parties to this lawsuit, employees at WSP or MCC[1], and who could not decide Mr. Abels' transfer request. This Court has no personal jurisdiction over these individuals. *See, e.g., Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defendant must be served in accordance with Fed. R. Civ. P. 4 or court has no personal jurisdiction over that defendant).

Mr. Abels seeks a transfer from WSP to MCC because he claims he cannot access the law library and he is being denied medical care. Defendant Clarke is no longer employed with the DOC and Defendants Skipworth and Hill work in DOC field offices and are not employed at MICC, MCC or WSP. Dkt. # 11, p. 4. Mr. Abels is no longer at work release, but resides at WSP. Dkt. # 112. Thus, none of the parties to this lawsuit have the ability to control or direct the actions of any

---

[1] Defendant Clarke is no longer employed with the DOC and Defendants Skipworth and Hill are not employed at MICC, MCC or WSP. Dkt. # 11, p. 4. Defendants Skipworth and Hill work in DOC field offices. *Id*.

REPORT AND RECOMMENDATION - 4

staff at WSP or MCC. *Id*.

More importantly, this Court does not have jurisdiction over any staff at WSP or MCC as they are not parties in this lawsuit. Mr. Abels should direct his request for transfer and his requests for medical treatment through the channels available to him at WSP.

In addition, Mr. Abels raises issues in this preliminary injunctive motion that are not raised in his Second Amended Complaint, where he claims that in February of 2007, Defendants Skipworth, Hill and Clarke retaliated against him from work release back to prison at MICC. In this litigation, Mr. Abels seeks to be restored to his work release status. Dkt. # 81, p. 17. In the motion for injunctive relief, Mr. Abels claims injuries from a November 2008 attack at MICC and seeks a transfer to another prison. These latest allegations and the relief sought are completely unrelated to Mr. Abels' pending retaliation claim.

It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a Court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Mr. Abels' motion for preliminary injunction. Dkt. # 112.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule

REPORT AND RECOMMENDATION - 5

72(b), the Clerk is directed to set the matter for consideration on **April 17, 2009**, as noted in the caption.

DATED this  1st  day of April, 2009.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6